# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LONQUIST FIELD SERVICE, LLC,**

      **Plaintiff,**

**v.**

      **Case No. 6:21-cv-01035-KHV-KGG**

**MITCHELL L. SORBY, P.E.; TAYLOR C.
BUCK; BENNIE J. O'NEAL; and
MICHAEL G. BRITTON**

      **Defendants.**

---

## PLAINTIFF LONQUIST FIELD SERVICE, LLC'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    Defendants Mitchell L. Sorby, P.E., Taylor C. Buck, Bennie J. O'Neal. And Michael Britton, through their attorney of record Zach Chaffee-McClure, Shook, Hardy & Bacon LLP, 2555 Grand Blvd., Kansas City, Missouri 64108-2613.

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Lonquist Field Service, LLC ("Lonquist" or "Plaintiff"), serves its objections and responses to Defendants' Second Requests for Production. Lonquist's investigation continues, and Lonquist reserves the right to assert and/or supplement objections and answers as appropriate under the Rules. To the extent a request seeks confidential information, Lonquist reserves the right to produce documents containing such information subject to the Protective Order.

**Dated: May 17, 2021**

      **FOULSTON SIEFKIN LLP**

      By: _____*s/ Holly A. Dyer*_____
           Holly A. Dyer, KS #16644
           hdyer@foulston.com
           1551 N. Waterfront Parkway, Suite 100
           Wichita, KS 67206-4466
           T: 316.291.9773
           F: 316.267.6345

      **BAKER & HOSTETLER LLP**
           Mark D. Temple (*pro hac vice*)

mtemple@bakerlaw.com
Ashlee Cassman Grant (*pro hac vice*)
agrant@bakerlaw.com
Thomas Donaho (*pro hac vice*)
tdonaho@bakerlaw.com
811 Main Street, Suite 1100
Houston, TX 77002-6111
T: 713.751.1600
*Counsel for Plaintiff Lonquist Field Service, LLC*

## OBJECTIONS AND RESPONSES TO SECOND REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   All documents referred to in responding to Defendants' Second Set of

Interrogatories.

### RESPONSE:

Lonquist objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession. Lonquist objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all documents" referred to in responding to Defendant's Second Set of Interrogatories. FED. R. CIV. P. 26(b)(1). To the extent that the phrase "documents relating to . . . the alleged proprietary nature" seeks documents protected by the attorney-client privilege or work product protection, Lonquist objects to their production.

Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 2:**   Each document identified in response to Defendants' Second Interrogatory

Nos. 1, 8, and/or 9 that Plaintiff contends both (a) reflects or contains a trade secret or confidential

information, and (b) was at any time misappropriated by any Defendant.

### RESPONSE:

Lonquist objects to this Request to the extent it seeks documents that are in Defendants' possession, custody, or control.  Lonquist further objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession. Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 3:**   All documents demonstrating the alleged proprietary nature of each trade secret or piece of confidential information identified in response to Defendants' Second Interrogatory Nos. 1, 8, and/or 9.

    **RESPONSE:**

Lonquist objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession. Lonquist further objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all documents" relating to the proprietary nature of each trade secret or piece of confidential information. FED. R. CIV. P. 26(b)(1). To the extent that the phrase "documents relating to . . . the alleged proprietary nature" seeks documents protected by the attorney-client privilege or work product protection, Lonquist objects to their production. Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 4:**   For each document referenced in response to Defendants' Second Interrogatory Nos. 1, 8, and/or 9, all data showing instances in which the document was viewed, opened, revised, saved, copied, received, forwarded, or otherwise accessed or manipulated by any Person (including but not limited to employee, agent, vendor, contractor, subcontractor, client, potential client, or partner of Plaintiff), including the date(s), time(s), actions performed, and individual(s) undertaking the action(s).

    **RESPONSE:**

Lonquist objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession. Lonquist also objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all data" reflecting instances in which documents were used and is not limited to defendants or plaintiff. Further, this request is overly broad as to the terms "agent, vendor, contractor, subcontractor, potential customer, or partner of plaintiff." Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1).

4

Lonquist further objects to this Request to the extent certain responsive data is not in Lonquist's possession, custody, or control but would be in the possession, custody, or control of any third party who opened, revised, saved, copied, received, forwarded, or otherwise accessed or manipulated the documents containing Lonquist's confidential information and trade secrets. Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 5:**   For each document referenced in response to Defendants' Second Interrogatory Nos. 1, 8, and/or 9, all data or other documents showing instances in which the document was uploaded to a sharedrive owned by, operated by, or given access to, or otherwise sent to, in electronic form or hard copy, any Person (including but not limited to any employee, agent, vendor, contractor, subcontractor, customer, potential customer, or partner of Plaintiff), including the date(s), time(s), actions performed, and individual(s) undertaking the action(s).

**RESPONSE:**

Lonquist objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession. Lonquist objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all data" reflecting all instances in which documents were uploaded to a sharedrive or were given access to or sent in electronic form or hard copy to any person. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist further objects to the extent that any data or information related to each instance that these documents were uploaded to a sharedrive and would be obtained from user data and information from the third-party's share drive and, therefore, is not within Lonquist's possession, custody, or control. Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 6:**   Each "forensic examination conducted by Mr. Phan" identified in the Declaration of Richard R. Lonquist dated February 4, 2021.

   **RESPONSE:**

Lonquist directs Defendants to its document production produced with its Rule 26(a) Initial Disclosures on April 30, 2021, Bates-labeled LFS-KS_000153-196.

**REQUEST NO. 7:**   Electronic images of each device identified in Paragraph 4.a of the Declaration of Halen Phan dated February 4, 2021.

   **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants.  The electronic device identified in Paragraph 4.a of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Taylor Buck. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 8:**   Electronic images of each device identified in Paragraph 4.b of the Declaration of Halen Phan dated February 4, 2021.

   **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants.  The electronic device identified in Paragraph 4.b of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Taylor Buck. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 9:**   Electronic images of each device identified in Paragraph 4.c of the Declaration of Halen Phan dated February 4, 2021.

   **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants.  The electronic device identified in Paragraph 4.c of the

Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Taylor Buck. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 10:** Electronic images of each device identified in Paragraph 4.d of the Declaration of Halen Phan dated February 4, 2021.

     **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants. The electronic device identified in Paragraph 4.d of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Taylor Buck. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 11:** Electronic images of each device identified in Paragraph 4.e of the Declaration of Halen Phan dated February 4, 2021.

     **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants. The electronic device identified in Paragraph 4.e of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Taylor Buck. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 12:** Electronic images of each device identified in Paragraph 4.f of the Declaration of Halen Phan dated February 4, 2021.

     **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants. The electronic device identified in Paragraph 4.f of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon

information and belief, is still in the possession of Taylor Buck. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 13:** Electronic images of each device identified in Paragraph 4.g of the Declaration of Halen Phan dated February 4, 2021.

 **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants. The electronic device identified in Paragraph 4.g of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Taylor Buck. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 14:** Electronic images of each device identified in Paragraph 5.a of the Declaration of Halen Phan dated February 4, 2021.

 **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants. The electronic device identified in Paragraph 5.a of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Mitchell Sorby. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 15:** Electronic images of each device identified in Paragraph 5.b of the Declaration of Halen Phan dated February 4, 2021.

 **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants. The electronic device identified in Paragraph 5.b of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon

information and belief, is still in the possession of Mitchell Sorby. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 16:** Electronic images of each device identified in Paragraph 5.c of the

Declaration of Halen Phan dated February 4, 2021.

    **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants.  The electronic device identified in Paragraph 5.c of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Mitchell Sorby. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 17:** Electronic images of each device identified in Paragraph 5.d of the

Declaration of Halen Phan dated February 4, 2021.

    **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants.  The electronic device identified in Paragraph 5.d of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Mitchell Sorby. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 18:** Electronic images of each device identified in Paragraph 5.e of the

Declaration of Halen Phan dated February 4, 2021.

    **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants.  The electronic device identified in Paragraph 5.e of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon

information and belief, is still in the possession of Mitchell Sorby. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 19:** Electronic images of each device identified in Paragraph 5.f of the

Declaration of Halen Phan dated February 4, 2021.

      **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants.  The electronic device identified in Paragraph 5.f of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Mitchell Sorby. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 20:** Electronic images of each device identified in Paragraph 6.a of the

Declaration of Halen Phan dated February 4, 2021.

      **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants.  The electronic device identified in Paragraph 6.a of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Bennie O'Neal. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 21:** Electronic images of each device identified in Paragraph 6.b of the

Declaration of Halen Phan dated February 4, 2021.

**RESPONSE:**

Lonquist agrees to produce an electronic image of the Lexar USB Flash Drive USB Device that was connected to Bennie O'Neal's Lonquist-issued laptop computer on January 6, 2021 at 11:02AM and that O'Neal returned to Lonquist's forensic expert on January 14, 2021.

**REQUEST NO. 22:** Electronic images of each device identified in Paragraph 6.c of the

Declaration of Halen Phan dated February 4, 2021.

**RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants.  The electronic device identified in Paragraph 6.c of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Bennie O'Neal. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 23:** Electronic images of each device identified in Paragraph 6.d of the

Declaration of Halen Phan dated February 4, 2021.

**RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants.  The electronic device identified in Paragraph 6.c of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Bennie O'Neal. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 24:** Electronic images of each device identified in Paragraph 6.e of the

Declaration of Halen Phan dated February 4, 2021.

    **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants. The electronic device identified in Paragraph 6.e of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Bennie O'Neal. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 25:** Electronic images of each device identified in Paragraph 6.f of the

Declaration of Halen Phan dated February 4, 2021.

    **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants. The electronic device identified in Paragraph 6.c of the Declaration of Halen Phan dated February 4, 2021 was not returned to Lonquist and, upon information and belief, is still in the possession of Bennie O'Neal. Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 26:** Electronic images of each device any Defendant provided to Plaintiff on or

since January 11, 2021.

    **RESPONSE:**

Lonquist agrees to produce an electronic image of all electronic devices Defendants returned to Plaintiff on or since January 11, 2021, subject to the Protective Order.

**REQUEST NO. 27:** All documents identified by name in the Declaration of Halen Phan dated

February 4, 2021.

    **RESPONSE:**

Lonquist objects to this Request to the extent it seeks documents that were permanently deleted by Defendants and, therefore, are no longer in Lonquist's possession, custody, or control. Lonquist further objects to this Request because it seeks documents that are Defendants' possession,

custody, or control. Subject to the foregoing objections, Lonquist will produce those documents identified by name in the Declaration of Halen Phan dated February 4, 2021 that are still in Lonquist's possession, custody, or control.

**REQUEST NO. 28:**  All documents that are or were at any time located in any of the directories

(*i.e.*, folders) identified by name in the Declaration of Halen Phan dated February 4, 2021.

    **RESPONSE:**

Lonquist further objects to this Request because the folders and directories identified in the Declaration of Halen Phan dated February 4, 2021, were either permanently deleted from Defendants' company-provided computer or are folders located on USB devices that Defendants have not returned to Lonquist. Accordingly, Lonquist is unable to discern what documents are responsive to this Request because it seeks documents that are no longer in Lonquist's possession, custody, or control and, instead, are in Defendant's possession, custody, or control.

**REQUEST NO. 29:**  All  documents  Plaintiff  contends  were  deleted  improperly  by  any

Defendant.

    **RESPONSE:**

Lonquist objects to this Request to the extent it seeks documents that were permanently deleted by Defendants and, therefore, are no longer in Lonquist's possession, custody, or control. Lonquist further objects to this Request to the extent any of the documents Defendants improperly deleted from the Lonquist-provided computer and/or Lonquist's networks are still in Defendants' possession, custody, or control. Lonquist will produce any documents that Defendants improperly deleted, to the extent it still has any such documents are still in Lonquist's possession, custody, or control. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 30:**  All  documents  Plaintiff  contends  were  copied  improperly  by  any

Defendant.

    **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that Defendants never returned to Lonquist and, therefore, are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants.

Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control relating to the confidential information and trade

secrets that Lonquist contends Defendants improperly misappropriated that form the basis of its claims. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 31:**  All analyses performed by or on behalf of Plaintiff of any device identified

in the Complaint and/or its attachments.

    **RESPONSE:**

Lonquist objects to this Request because it seeks the production of documents, information, and tangible property that Defendants never returned to Lonquist and, therefore, are not in Lonquist's possession, custody or control and, instead are equally or more readily available to Defendants. Lonquist directs Defendants to its document production produced with its Rule 26(a) Initial Disclosures on April 30, 2021, Bates-labeled LFS-KS_000153-196, which contains all forensics examinations and analyses of devices in Plaintiff's possession, custody, or control, that are identified in its Complaint and/or its attachments. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 32:**  All electronic communications in your possession, custody, or control sent

or received by Mitchell Sorby on or after October 30, 2020.

    **RESPONSE:**

Lonquist objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all electric communications…sent or received by Mitchell Sorby" from October 30, 2020 to present and is not limited by scope to those emails that are relevant to or reasonable calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 33:**  All electronic communications in your possession, custody, or control sent or received by Taylor Buck on or after October 30, 2020.

**RESPONSE:**

Lonquist objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all electric communications…sent or received by Taylor Buck" from October 30, 2020 to present and is not limited by scope to those emails that are relevant to or reasonable calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 34:**  All electronic communications in your possession, custody, or control sent or received by Bennie O'Neal on or after October 30, 2020.

**RESPONSE:**

Lonquist objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all electric communications…sent or received by Bennie O'Neal" from October 30, 2020 to present and is not limited by scope to those emails that are relevant to or reasonable calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 35:**  All electronic communications in your possession, custody, or control sent or received by Michael Britton on or after October 30, 2020.

**RESPONSE:**

Lonquist objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all electric communications…sent or received by Michael Britton" from October 30, 2020 to present and is not limited by scope to those emails that are relevant to or reasonable calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 36:**  All documents you contend reflect any damages to Plaintiff caused by any Defendant.

**RESPONSE:**

Lonquist objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession Lonquist further objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all documents" reflecting Lonquist's damages caused by Defendants. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist further objects to this Request to the extent it seeks documents and information that are in Defendants' possession, custody, and control.  Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 37:**  The Master Service Agreements with all third parties described by Ms. Ashlee Grant at the February 23, 2021 hearing and again referenced at the February 26, 2021 conference.

      **RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to only those Master Services Agreements that governed or pertained to Lonquist's Underground Storage Division's Mid-Continent Region operations group during Defendants' employment with Lonquist and any Master Service Agreement that governs or relates to any Lonquist confidential information or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Lonquist further objects to this Request to the extent it fails to describe with any particularity the specific agreements that it is seeking and, therefore, the Request is vague and ambiguous. Subject to and without waiving the foregoing objections, Lonquist will produce all applicable Master Services Agreements relating to or governing any information that Lonquist contends is confidential information and/or a trade secret that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 38:**  Produce all Master Service Agreements Plaintiff has entered into or in effect between January 1, 2018, and the present with The Williams Companies, Inc. and/or any of its subsidiaries operating in Kansas, including but not limited to Williams Strategic Sourcing Company, LLC and Williams Energy Services (collectively, "Williams").

      **RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to only those Master Services Agreements that governed or pertained to Lonquist's Underground Storage Division's Mid-Continent Region operations group during Defendants' employment with Lonquist and any Master Service Agreement that governs or relates to any Lonquist confidential information or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Subject to and without waiving the foregoing objections, Lonquist will produce its Master Services Agreement between it and Mid-Continent Fractionation and Storage, LLC, a subsidiary of The Williams Companies, Inc. operating in Kansas.  Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 39:**  All agreements outside the Master Service Agreement that Plaintiff has entered into with Williams pertaining to ownership of work product produced or compiled by Plaintiff on Williams's behalf.

**RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to only those Master Services Agreements that governed or pertained to Lonquist's Underground Storage Division's Mid-Continent Region operations group during Defendants' employment with Lonquist and any Master Service Agreement that governs or relates to any Lonquist confidential information or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Subject to and without waiving the foregoing objections, Lonquist will produce all applicable agreements between it and Mid-Continent Fractionation and Storage, LLC, a subsidiary of The Williams Companies, Inc. operating in Kansas that pertain to the ownership or work product produced or compiled by Plaintiffs that govern or relate to any Lonquist confidential information or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 40:**  Produce all Master Service Agreements Plaintiff has entered into or in effect between January 1, 2018, and the present with ONEOK and/or any of its subsidiaries operating in Kansas (collectively, "ONEOK").

**RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to only those Master Services Agreements that governed or pertained to Lonquist's Underground Storage Division's Mid-Continent Region operations group during Defendants' employment with Lonquist and any Master Service Agreement that governs or relates to any Lonquist confidential information or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Subject to and without waiving the foregoing objections, Lonquist will produce its Master Agreement for Professional Services and Site Work (the "Agreement") with ONEOK Partners Intermediate Limited Partnership ("ONEOK") that governed Lonquist's work operations for its Underground Storage Division's Mid-Continent Region operations group. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 41:**  All agreements outside the Master Service Agreement that Plaintiff has entered into with ONEOK pertaining to ownership of work product produced or compiled by Plaintiff on ONEOK's behalf.

      **RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to only those Master Services Agreements that governed or pertained to Lonquist's Underground Storage Division's Mid-Continent Region operations group during Defendants' employment with Lonquist and any Master Service Agreement that governs or relates to any Lonquist confidential information or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Subject to and without waiving the foregoing objections, Lonquist will produce all applicable agreements between it and ONEOK that pertain to the ownership or work product produced or compiled by Plaintiffs that govern or relate to any Lonquist confidential information or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 42:**   Produce all Master Service Agreements Plaintiff has entered into or in effect between January 1, 2018, and the present with CHS, Inc. and/or any of its subsidiaries operating in Kansas, including but not limited to CHS McPherson Refinery Inc. (collectively, "CHS").

      **RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to only those Master Services Agreements that governed or pertained to Lonquist's Underground Storage Division's Mid-Continent Region operations group during Defendants' employment with Lonquist and any Master Service Agreement that governs or relates to any Lonquist confidential information or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Subject to and without waiving the foregoing objections, Lonquist will produce its General Services Agreement between it and CHS McPherson Refinery Inc. ("CHS") that governed Lonquist's work operations for its Underground Storage Division's Mid-Continent Region operations group. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 43:**  All agreements outside the Master Service Agreement that Plaintiff has entered into with CHS pertaining to ownership of work product produced or compiled by Plaintiff on CHS's behalf.

> **RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to only those Master Services Agreements that governed or pertained to Lonquist's Underground Storage Division's Mid-Continent Region operations group during Defendants' employment with Lonquist and any Master Service Agreement that governs or relates to any Lonquist confidential information or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Subject to and without waiving the foregoing objections, Lonquist will produce all applicable agreements between it and CHS that pertain to the ownership or work product produced or compiled by Plaintiffs that govern or relate to any Lonquist confidential information or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 44:**  All agreements or contracts that Plaintiff has entered into with the Kansas Department of Health ("KDHE") regarding confidentiality of Plaintiff work product that it receives from Plaintiff or Plaintiff clients.

> **RESPONSE:**        Lonquist has no responsive documents.

**REQUEST NO. 45:**  Produce all Master Service Agreements Plaintiff has entered into or in effect between January 1, 2018, and the present with any Person operating in Kansas, including by not limited to its Master Service Agreements with the following entities and/or their subsidiaries with operations in Kansas:

1.        Valero Energy Corporation

2.        Enbridge, Inc.

3.        Kinder Morgan, Inc,

4.      Enterprise Products Partners LP

5.      Enstor

6.      West Lake Chemical

7.      Cargill Inc.

8.      Sempra Energy

9.      Puget Sound Energy

10.     Northern Natural Gas Company

11.     Terlingua Operating, LLC

12.     Texas Brine Company, LLC

13.     Fluor Corporation

14.     Atlantic Salt Company

15.     Boardwalk Pipeline

16.     Storengy

17.     Exxon Mobil Corporation

18.     CCNG

19.     Marathon Pipe Line, LLC

20.     Delek

21.     Cardinal Gas Storage

22.     Marin Midstream Partners, L.P.

### **RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to only those Master Services Agreements that governed or pertained to Lonquist's Underground Storage Division's Mid-Continent Region operations group during Defendants' employment with Lonquist and any Master Service Agreement that governs or relates to any Lonquist confidential information or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Subject to and without waiving the foregoing objections, because Lonquist does not, at this time, contend that Defendants improperly deleted or misappropriated any Lonquist confidential information or trade secrets pertaining to the above-identified entities with operations

21

in Kansas, Lonquist is withholding any Master Services Agreements between it and these entities. Lonquist reserves the right to produce any of its agreements with these entities if Lonquist determines that Defendants improperly misappropriated or deleted any of its confidential information and/or trade secrets pertaining to or related to any of these entities.

**REQUEST NO. 46:** All agreements Plaintiff has entered into with any client, customer, contractor, subcontractor, vendor, or governmental entity containing any provisions that Plaintiff contends restrict or otherwise control any Person's use and/or disclosure of any information received from Plaintiff.

**RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it asks for "all" agreements Lonquist has ever entered into with any client, customer, contractor, subcontractor, vendor, or governmental entity without regard to whether or not Lonquist contends these agreements control the use or disclosure of Lonquist's confidential information and trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Subject to and without waiving the foregoing objections, Lonquist will produce all applicable agreements that Lonquist contends restricts or otherwise controls any Person's use or disclosure of any confidential information and/or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 47:** All agreements Plaintiff has entered into with any client, customer, contractor, subcontractor, vendor, or governmental entity containing any provisions affecting the ownership of any information Plaintiff provides to any Person, including but not limited to any "work for hire" provision and/or any assignment provision.

**RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it asks for "all" agreements Lonquist has ever entered into with any client, customer, contractor, subcontractor, vendor, or governmental entity without regard to

whether or not Lonquist contends these agreements control the use or disclosure of Lonquist's confidential information and trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Subject to and without waiving the foregoing objections, Lonquist will produce all applicable agreements that affect the ownership of any confidential information and/or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation.

**REQUEST NO. 48:**  All documents reflecting any effort by Plaintiff to ensure or maintain the secrecy, confidentiality, or proprietary nature of any alleged trade secret or piece of confidential information identified in response to Defendants' Second Set of Interrogatories.

**RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it asks for "all documents" reflecting "any efforts" by Plaintiff to ensure or maintain the secrecy, confidentiality, or proprietary nature of its trade secrets and/or confidential information. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist further objects to this Request to the extent the term "any effort" is undefined, vague, and ambiguous. To the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production. Subject to and without waiving the foregoing objections, Lonquist will produce all non-privileged responsive documents in its possession, custody, or control. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 49:**  All records Plaintiff contends support the existence and/or value of the goodwill alleged in the Complaint.

**RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it asks for "all documents" evidencing the existence and value of Lonquist's goodwill. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against

the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the goodwill associated with Lonquist's Underground Storage Division's Mid-Continent Region operations group. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 50:** Any and all communications Plaintiff had with any Person concerning

Mitchell Sorby on or after January 11, 2021.

> **RESPONSE:**

Lonquist objects to this Request to the extent it seeks documents, things, or information neither relevant to the claims or defenses at issue in the causes of action alleged in Plaintiff's Original Complaint nor reasonably calculated to lead to the discovery of admissible evidence. Lonquist's communications with any third party concerning Mitchell Sorby after his employment with Lonquist terminated are not relevant to nor reasonable calculated to lead to the discovery of any admissible evidence concerning Sorby's breaches of their fiduciary duties, breach of contract, and misappropriation of Lonquist's trade secrets while employed with Lonquist. Lonquist further objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "any and all communications concerning Mitchell Sorby." Lonquist also objects to this Request as temporally overbroad because Michell Sorby's employment with Lonquist ended on January 11, 2021. Accordingly, this Request seeks documents and communications outside the relevant scope of discovery. Lonquist further objects to this Request to the extent it is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist also objects to this Request because the term "concerning" is undefined, vague, and ambiguous. Finally, to the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production.

**REQUEST NO. 51:** Any and all communications Plaintiff had with any Person concerning

Taylor Buck on or after January 11, 2021.

> **RESPONSE:**

Lonquist objects to this Request to the extent it seeks documents, things, or information neither relevant to the claims or defenses at issue in the causes of action alleged in Plaintiff's Original Complaint nor reasonably calculated to lead to the discovery of admissible evidence. Lonquist's communications with any third party concerning Taylor Buck after his employment with Lonquist terminated are not relevant to nor reasonable calculated to lead to the discovery of any admissible

evidence concerning Buck's breaches of their fiduciary duties, breach of contract, and misappropriation of Lonquist's trade secrets while employed with Lonquist. Lonquist further objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "any and all communications concerning Taylor Buck." Lonquist also objects to this Request as temporally overbroad because Taylor Buck's employment with Lonquist ended on January 11, 2021. Accordingly, this Request seeks documents and communications outside the relevant scope of discovery. Lonquist further objects to this Request to the extent it is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist also objects to this Request because the term "concerning" is undefined, vague, and ambiguous. Finally, to the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production.

**REQUEST NO. 52:**  Any and all communications Plaintiff had with anyone concerning Bennie

O'Neal on or after January 8, 2021.

**RESPONSE:**

Lonquist objects to this Request to the extent it seeks documents, things, or information neither relevant to the claims or defenses at issue in the causes of action alleged in Plaintiff's Original Complaint nor reasonably calculated to lead to the discovery of admissible evidence. Lonquist's communications with any third party concerning Bennie O'Neal after his employment with Lonquist terminated are not relevant to nor reasonable calculated to lead to the discovery of any admissible evidence concerning O'Neal's breaches of their fiduciary duties, breach of contract, and misappropriation of Lonquist's trade secrets while employed with Lonquist. Lonquist further objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "any and all communications concerning Bennie O'Neal" Lonquist also objects to this Request as temporally overbroad because Bennie O'Neal employment with Lonquist ended on January 8, 2021. Accordingly, this Request seeks documents and communications outside the relevant scope of discovery. Lonquist further objects to this Request to the extent it is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist also objects to this Request because the term "concerning" is undefined, vague, and ambiguous. Finally, to the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production.

**REQUEST NO. 53:** Any and all communications Plaintiff had with any Person concerning

Michael Britton on or after January 8, 2021.

**RESPONSE:**

Lonquist objects to this Request to the extent it seeks documents, things, or information neither relevant to the claims or defenses at issue in the causes of action alleged in Plaintiff's Original Complaint nor reasonably calculated to lead to the discovery of admissible evidence. Lonquist's communications with any third party concerning Michael Britton after his employment with Lonquist terminated are not relevant to nor reasonable calculated to lead to the discovery of any admissible evidence concerning Britton's breaches of their fiduciary duties, breach of contract, and misappropriation of Lonquist's trade secrets while employed with Lonquist. Lonquist further objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "any and all communications...concerning Michael Britton." Lonquist also objects to this Request as temporally overbroad because Michael Britton employment with Lonquist ended on January 8, 2021. Accordingly, this Request seeks documents and communications outside the relevant scope of discovery. Lonquist further objects to this Request to the extent it is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist also objects to this Request because the term "concerning" is undefined, vague, and ambiguous. Finally, to the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production.

**REQUEST NO. 54:** Any and all communications Plaintiff had with any client, customer, contractor, vendor, regulatory agency (including but not limited to the KDHE), or other Person concerning any Defendant on or after January 8, 2021.

**RESPONSE:**

Lonquist objects to this Request to the extent it seeks documents, things, or information neither relevant to the claims or defenses at issue in the causes of action alleged in Plaintiff's Original Complaint nor reasonably calculated to lead to the discovery of admissible evidence. Lonquist's communications with any third party concerning Defendants after Defendants' employment with Lonquist terminated are not relevant to nor reasonable calculated to lead to the discovery of any admissible evidence concerning Defendants' breaches of their fiduciary duties, breach of contract, and misappropriation of Lonquist's trade secrets while employed with Lonquist. Lonquist further objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "any and all communications...concerning any Defendant." Lonquist also objects to this Request as temporally overbroad to the extent it seeks communications between Lonquist and any third party that occurred after Defendants' employment with Lonquist ended. Accordingly, this Request seeks documents and communications outside the relevant scope of discovery. Lonquist further objects to this Request

to the extent it is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist also objects to this Request because the term "concerning" is undefined, vague, and ambiguous. Finally, to the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production.

**REQUEST NO. 55:** Any and all communications Plaintiff had with any client, customer, contractor, vendor, or regulatory agency (including but not limited to KDHE) concerning Tiberius Energy Services, LLC on or after January 8, 2021.

**RESPONSE:**

Lonquist objects to this Request to the extent it seeks documents, things, or information neither relevant to the claims or defenses at issue in the causes of action alleged in Plaintiff's Original Complaint nor reasonably calculated to lead to the discovery of admissible evidence. Lonquist's communications with any third party concerning third-party Tiberius Energy Services, LLC after Defendants' employment with Lonquist terminated are not relevant to nor reasonable calculated to lead to the discovery of any admissible evidence concerning Defendants' breaches of their fiduciary duties, breach of contract, and misappropriation of Lonquist's trade secrets while employed with Lonquist. Lonquist further objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "any and all communications…concerning any Defendant." Lonquist also objects to this Request as temporally overbroad to the extent it seeks communications between Lonquist and any third party that occurred after Defendants' employment with Lonquist ended. Accordingly, this Request seeks documents and communications outside the relevant scope of discovery. Lonquist further objects to this Request to the extent it is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist also objects to this Request because the term "concerning" is undefined, vague, and ambiguous. Finally, to the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production.

**REQUEST NO. 56:** Any and all communications Plaintiff had with any client, customer, contractor, vendor, or regulatory agency (including but not limited to KDHE) concerning the use and/or disclosure of any Plaintiff information on or after January 8, 2021.

**RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it asks for "all communications" with any client, customer, contractor, vendor, or regulatory agency concerning the use and/or disclosure of Lonquist's information. Lonquist further objects to this Request because the term "information" is undefined, vague, and ambiguous. Lonquist objects to this Request to the extent it seeks documents, things, or information neither relevant to the claims or defenses at issue in the causes of action alleged in Plaintiff's Original Complaint nor reasonably calculated to lead to the discovery of admissible evidence. Lonquist's communications with any third party concerning the use or disclosure of any of its information after Defendants' employment with Lonquist terminated without regard to whether or not Lonquist contends the Lonquist information being discussed is Lonquist's confidential information and trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Finally, to the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production.

Subject to and without waiving the foregoing objections, Lonquist will produce all non-privileged responsive communications it has had with any client, customer, contractor, vendor, or regulatory agency since January 8, 2021, concerning the use or disclosure of any Lonquist confidential information and/or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 57:** All documents reflecting any effort by Plaintiff to ensure or maintain the secrecy, confidentiality or proprietary nature of any alleged trade secret or piece of confidential information identified in response to Defendants' Second Set of Interrogatories.

**RESPONSE:**

Lonquist objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it asks for "all documents" reflecting "any efforts" by Plaintiff to ensure or maintain the secrecy, confidentiality, or proprietary nature of its trade secrets and/or confidential information. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which

imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist further objects to this Request to the extent the term "any effort" is undefined, vague, and ambiguous. To the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production. Subject to and without waiving the foregoing objections, Lonquist will produce all non-privileged responsive documents in its possession, custody, or control. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 58:**  All documents relating to the disclosure by Plaintiff or an employee of Plaintiff of any alleged trade secret or piece of confidential information identified in response to Defendants' Second Set of Interrogatories.

       **RESPONSE:**

Lonquist objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it asks for "all documents" relating to any "disclosure" of its trade secrets and confidential information.  Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist further objects to this Request because the terms "relating to" and "disclosure" are undefined, vague, and ambiguous. Lonquist further objects to this Request to the extent it seeks documents that are not in its possession, custody, or control, or documents relating to any disclosures of its confidential information and trade secrets that it is unaware or that occurred without its knowledge or consent. To the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production. Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control relating to the disclosure of any of the confidential information and trade secrets forming the basis of its claims against Defendants to any third-party.

**REQUEST NO. 59:**  All communications with any Person about Tiberius Energy Services, LLC or Defendants.

       **RESPONSE:**

Lonquist objects to this Request to the extent it seeks documents, things, or information neither relevant to the claims or defenses at issue in the causes of action alleged in Plaintiff's Original

Complaint nor reasonably calculated to lead to the discovery of admissible evidence. Lonquist's communications with any third party concerning Defendants and/or third-party Tiberius Energy Services, LLC after Defendants' employment with Lonquist terminated are not relevant to nor reasonable calculated to lead to the discovery of any admissible evidence concerning Defendants' breaches of their fiduciary duties, breach of contract, and misappropriation of Lonquist's trade secrets while employed with Lonquist. Lonquist further objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "any and all communications…concerning any Defendant." Lonquist also objects to this Request as temporally overbroad to the extent it seeks communications between Lonquist and any third party that occurred after Defendants' employment with Lonquist ended. Accordingly, this Request seeks documents and communications outside the relevant scope of discovery. Lonquist further objects to this Request to the extent it is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Finally, to the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production.

**REQUEST NO. 60:**  Documents sufficient to identify all Persons to whom any alleged trade secret or piece of confidential information identified in response to Defendants' Second Interrogatory Nos. 1, 8, and/or 9 has been disclosed.

**RESPONSE:**

Lonquist objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession. Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it asks for documents sufficient to identify all Persons to whom any alleged confidential information or trade secrets were disclosed. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist further objects to this Request because the term "disclosed" is undefined, vague, and ambiguous. Lonquist further objects to this Request to the extent it seeks documents that are not in its possession, custody, or control, or documents relating to any disclosures of its confidential information and trade secrets that it is unaware or that occurred without its knowledge or consent.

Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents and communications possession, custody, or control that evidence all Persons to whom any of the confidential information and trade secrets forming the basis of its claims against Defendants have been disclosed, to the extent such information is readily obtainable through

documents and information within Lonquist's possession, custody, or control.  Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 61:**  All documents relating to any attempt to patent any alleged trade secret or piece of confidential information identified in response to Defendants' Second Interrogatory Nos. 1, 8, and/or 9.

     **RESPONSE:**

Lonquist has not made any attempts to patent any of its trade secrets or confidential information that forms the basis of its claims against Defendants.  Accordingly, Lonquist has no responsive documents.

**REQUEST NO. 62:**  All documents relating to any training for, instructions to, and requirements governing Plaintiff's employees concerning the protection of confidential information and trade secrets, including but not limited to those claimed in the Second Declaration of Richard R. Lonquist dated March 1, 2021.

     **RESPONSE:**

To the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production. Lonquist will produce all applicable policies, procedures, training, and requirements relating to the protection of confidential information and trade secrets from disclosure to third parties with these responses and objections. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 63:**  All agreements with customers, vendors, contractors, and any other Person that contain confidentiality provisions that purport to ensure the exchange of any information did not equate to a waiver by Plaintiff to its proprietary interest in the confidential information and trade secrets contained therein as claimed in the Second Declaration of Richard R. Lonquist dated March 1, 2021.

     **RESPONSE:**

Lonquist objects to this Request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because it asks for "all" agreements Lonquist has ever entered into with any client, customer, contractor, subcontractor, vendor, or governmental entity without regard to whether or not Lonquist contends these agreements control the use or disclosure of Lonquist's confidential information and trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1).

Subject to and without waiving the foregoing objections, Lonquist will produce all applicable agreements with any customers, vendors, contractors, and any other person that Lonquist contends purports to ensure that its exchange of the confidential information and/or trade secrets that Lonquist contends Defendants improperly misappropriated or copied and forming the basis of its claims in this litigation was not a waiver to the proprietary interest and/or trade secret status. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 64:**  All communications and documents relating to the restrictions Plaintiff has placed on what information Plaintiff employees can distribute to customers, vendors, and contractors, including but not limited to those claimed in the Second Declaration of Richard R. Lonquist dated March 1, 2021.

**RESPONSE:**

Lonquist objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all communications and documents" relating to any restrictions that Lonquist has placed on what information Plaintiff employees can distribute without regard to whether such documents or communications pertain to the confidential information and/or trade secrets forming the basis of Lonquist's claims against Defendants. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). To the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production.

Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control relating to the restrictions that Lonquist placed on the confidential information and/or trade secrets that Lonquist contends Defendants improperly misappropriated and upon which it bases its claims. Lonquist reserves the right to produce

confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 65:**  All documents relating to the Confidentiality Agreement.  For the avoidance of doubt, this includes, but is not limited to, the following example categories:

1.     All documents between Plaintiff and each Defendant relating to the negotiation of the Confidentiality Agreement;

2.     All documents between Plaintiff and each Defendant relating to the execution of the Confidentiality Agreement; and

3.     All documents between Plaintiff and each Defendant relating to the performance of the Confidentiality Agreement.

**RESPONSE:**

Lonquist objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all documents" relating to the Defendants' Confidentiality Agreement, including all documents "relating to the performance of the Confidentiality Agreement." Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist further objects to this Request because the phrases "relating to the Confidentiality Agreement" and "relating to the performance of the Confidentiality Agreement" are undefined, vague, and ambiguous. To the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production.

Subject to and without waiving the foregoing, Lonquist will produce all non-privileged responsive documents in its possession, custody, or control relating to Defendants' execution of the Confidentiality Agreement and any communications between Lonquist and Defendants discussing Defendants' obligations under the Confidentiality Agreement. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 66:**  All documents relating to the value of any alleged trade secret or piece of confidential information identified in response to Defendants' Second Interrogatory Nos. 1, 8, and/or 9.

**RESPONSE:**

Lonquist objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession. Lonquist objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all documents" relating to the value of Lonquist's confidential information and trade secrets forming the basis of its claims. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist further objects to this Request because the terms "relating to" and "value" are undefined, vague, and ambiguous. To the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection, Lonquist objects to their production. Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control relating to the Lonquist confidential information and/or trade secrets that it contends Defendants improperly misappropriated and/or deleted that forms the basis of its claims. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 67:**  Documents sufficient to show the ownership and organizational structure of

Plaintiff.

**RESPONSE:**

Lonquist will produce non-privileged responsive documents in its possession, custody, or control demonstrating its organizational structure while Defendants were employed with Lonquist.

**REQUEST NO. 68:**  All documents evidencing Plaintiff's purported creation or development of

any alleged trade secrets or confidential information identified in response to Defendants' Second

Set of Interrogatories.

**RESPONSE:**

Lonquist objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession. Lonquist objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all documents" evidencing the creation and development of its confidential information and trade secrets forming the basis of its claims against Defendants. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an

34

obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist further objects to this Request because the terms "creation" and "development" are undefined, vague, and ambiguous. Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control relating to the Lonquist confidential information and/or trade secrets that it contends Defendants improperly misappropriated and/or deleted that forms the basis of its claims. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 69:**  All documents showing any alteration or modifications to any alleged trade secrets or confidential information identified in response to Defendants' Second Set of Interrogatories.

**RESPONSE:**

Lonquist objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession. Lonquist objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all documents" evidencing any and all alterations or modifications on the confidential information and trade secrets forming the basis of its claims against Defendants. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist further objects to this Request because the terms "alteration" and "modification" are undefined, vague, and ambiguous and fails to describe with sufficient particularity the documents that would be responsive to this Request.  Finally, Lonquist objects to this Request to the extent that documents evidencing the alterations or modifications of Lonquist's confidential information and trade secrets are not relevant to nor reasonably calculated to lead to the discovery of admissible evidence relating to the claims or defenses at issue in this matter.

**REQUEST NO. 70:**  All documents (by year) substantiating any profits, revenue and expenses associated with the purported trade secrets and confidential information referenced in response to Defendants' Second Set of Interrogatories.

**RESPONSE:**

Lonquist objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession. Lonquist objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and

literally asks for "all documents" substantiating Lonquist's profits, revenues, and expenses associated with the purported trade secrets and confidential information and trade secrets forming the basis of its claims against Defendants. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1). Lonquist further objects to this Request to the extent it seeks information neither relevant to the claims alleged nor reasonably calculated to lead to the discovery of admissible evidence. Lonquist further objects to this Request to the extent the profits, revenues, and expenses directly associated with each trade secret and/or confidential information is not reasonable available or readily ascertainable from Lonquist's company-wide profits, revenues, and expenses information. Subject to and without waiving the foregoing, Lonquist will produce non-privileged responsive documents in its possession, custody, or control relating to the Lonquist confidential information and/or trade secrets that it contends Defendants improperly misappropriated and/or deleted that forms the basis of its claims. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.

**REQUEST NO. 71:** All documents substantiating the marketability of, market demand for, competition involving, or consumer acceptance of Plaintiff's work regarding any document or information identified in response to Defendants' Second Set of Interrogatories.

**RESPONSE:**

Lonquist objects to this Request as premature because the information needed to fully and accurately answer has yet to be provided by Defendants, including the identification of Lonquist documents and information they have in their possession. Lonquist objects to this Request as disproportional, overbroad, and unduly burdensome because the Request is cumulative and literally asks for "all documents" associated with the purported trade secrets and confidential information and trade secrets forming the basis of its claims against Defendants. Accordingly, this Request is not proportional to the needs of the case considering (1) the marginal importance of the materials to the claims and defenses of this litigation and (2) the substantial cost to identify additional responsive materials balanced against the amount in controversy, which imposes an obligation beyond what is required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(b)(1).

Lonquist further objects to this Request to the extent it seeks information neither relevant to the claims alleged nor reasonably calculated to lead to the discovery of admissible evidence. Lonquist further objects to this Request because the terms "marketability," "market demand for," "competition involving," and "consumer acceptance" are undefined, vague, and ambiguous such that Lonquist is unable to discern what documents are responsive to this Request. Lonquist reserves the right to produce confidential information and trade secret information subject to the Protective Order.