# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LONQUIST FIELD SERVICE, LLC, )
)
Plaintiff, )
)
v. )          Case No.: 21-1035-KHV-KGG
)
MITCHELL SORBY, P.E., *et al.*, )
)
Defendants. )
_____)

## MEMORANDUM & ORDER ON
## DEFENDANTS' MOTION TO COMPEL

Now before the Court is the Motion to Compel (Doc. 66) filed by

Defendants Mitchell Sorby, Taylor Buck, Bennie O'Neal, and Michael Britton

(collectively, "Defendants"). Therein, Defendants seek an Order compelling

Plaintiff to respond to Defendants' second interrogatories and second and third

document requests. Having reviewed the submissions of the parties, Defendants'

motion is **GRANTED** as set forth herein.

## BACKGROUND

Defendants are former employees of Plaintiff who did not have non-compete

agreements restricting their employment. Plaintiff alleges, however, that

> [a]s a condition of their employment … , the Defendants
> all signed Confidential Information Agreements,
> promising not to use or disclose any of [Plaintiff's] trade
> secrets or confidential information to anyone outside of

1

> [Plaintiff].  Throughout their employment, Defendants
> had access to [Plaintiff's] confidential information and
> trade secrets relating to [Plaintiff's] Underground Storage
> Mid-Continent Region's operations, clients, strategy, and
> business opportunities, including its engineering
> processes and products, new technologies, client
> lists, major project list, target customer lists, competitor
> analysis, vendor lists, master operations documents,
> client project proposals and bids, bidding strategies,
> client pricing, client master services agreements, as well
> as supplier and vendor costs, services, and terms of
> conditions.

(Doc. 1, at 1-2.)

Plaintiff further alleges that on January 8 and 11, 2021, Defendants "unexpectedly resigned from their employment and upon information and belief are now either employed by, retained by, and/or are operating a newly formed company, Tiberius Energy Services, LLC ("Tiberius"), providing the same services as [Plaintiff] to [its] clients, in direct competition with [Plaintiff]." (*Id*., at 2.)  Plaintiff continues that Defendants each took confidential and/or "trade secret" information from Plaintiff.  (*Id*.)

According to Defendants, Plaintiff has yet to identify which confidential or trade secret materials were taken.  (Doc. 67, at 1.)  Defendants seek information relating to the master service agreements ("MSAs") – contracts with third parties that allegedly bar Defendants from receiving "some unspecified information from third parties." (*Id*.)  Defendants contend that Plaintiff has refused to produce the MSAs "unless doing so is convenient to [Plaintiff]." (*Id*.)  Defendants also

complain of Plaintiff's alleged use of boilerplate objections and "subject to and without waiving" RFP responses.  (*Id.*, at 1-2.)

## **ANALYSIS**

### I.     **Standards for Discovery.**

Fed. R. Civ. P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.  ***Holick v. Burkhart***, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Discovery requests must be relevant on their face.  ***Williams v. Bd. of County Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000).  Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."  ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D. Kan. 1991).  It is well

established that the "party objecting to discovery on grounds of privilege has the burden to establish the privilege." *Berroth v. Kansas Farm Bureau Mut. Ins. Co.*, 205 F.R.D. 586, 589 (D. Kan. 2002) (citing *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550 (10th Cir. 1995)).

A party may file a motion to compel when the responding party fails to permit discovery. *Sperry v. Corizon Health*, No. 18-3119-EFM-ADM, 2020 WL 5642343, at *3 (D. Kan. Sept. 22, 2020). The initial burden to establish facial relevance rests with the party seeking discovery, but the moving party need not address all proportionality considerations. *Id.* Once the initial burden has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See* *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Carter v. Union Pac. R.R.*, No. 20-2093-DDC-KGG, 2021 WL 1250958, at *2 (D. Kan. Apr. 5, 2021) (citing *Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661,

670–71 (D. Kan. 2004)).  Within this legal framework, the Court will address the discovery requests at issue.

## II.     Discovery Requests at Issue.

### A.     Interrogatory No. 1.

This interrogatory asks Plaintiff to identify "any trade secret or confidential information that Plaintiff contends that Defendant misappropriated … ."  (Doc. 67-3, at 4.)  Plaintiff was also asked to identify individuals involved in the creation/modification of this information, the custodian and location of such information, individuals with access to the information, and the "basis for Plaintiff's contention that such information, or its equivalent, is proprietary and could not be determined by Persons of ordinary skill without access to the alleged trade secret."  (*Id*.)

Plaintiff objects that the interrogatory improperly contains discreet subparts, is cumulative and unduly burdensome, and is premature because information Plaintiff needs to respond properly has not be provided by Defendants.  (*Id*., at 4-5.)  Plaintiff contends it "needs additional discovery from Defendants, including an examination of their computers and other electronic storage devices, to better determine what [Plaintiff] trade secret and confidential information they misappropriated."  (Doc. 83, at 10.)

The Court **overrules** Plaintiff's objection regarding the subparts to Interrogatory No. 1.  The Court agrees with Defendants that the information sought is part of a common theme – the identification of the purported trade secrets at issue.  (Doc. 67, at 5 (citing *Sifuentes v. United Parcel Serv., Inc.*, No. 10-2178-RDR, 2011 WL 13301689, at *5 (D. Kan. Mar. 1, 2011).)

The Court also **overrules** the cumulative and unduly burdensome objections as the information sought goes to the heart of Plaintiff's claims.  Plaintiff has failed to establish "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. Civ.A.03–2470–CM–DJW, 2005 WL 44534, at *2 (D. Kan. Jan. 7, 2005).

Plaintiff's prematurity objection is equally unpersuasive.  Plaintiff has brought a lawsuit contending that Defendants stole its trade secrets and/or confidential information.  Plaintiff must have some factual basis for this claim.  Although Plaintiff may learn of additional information through discovery requests to Defendants and/or depositions of Defendants, Defendants are entitled to discover information Plaintiff contends is the basis of its trade secret claim.  A party has a duty to provide all responsive information available when answering a discovery request. *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM-

DJW, 2011 WL 197875, at *2-3 (d. Kan. Jan. 20, 2011).  Plaintiff cannot avoid

this obligation to fully answer simply by arguing Interrogatory No. 1 is premature

and stating in a conclusory manner that information it needs to respond properly

has not be provided by Defendants.  *Id*.  Further, pursuant to Fed.R.Civ.P. 26(e),

Plaintiff has "a continuing duty to supplement their interrogatory answers as

information becomes available."  ***Riley v. U.S.***, No. 11-2244-EFM-DJW, 2012 WL

1231830, at *6 (D. Kan. April 12, 2021).  This portion of Defendants' motion is

**GRANTED**.

The Court notes Plaintiff's supplemental response to this interrogatory.

(Doc. 83-3, at 4-5.)  Plaintiff has, however, failed to identify the copies of trade

secret and confidential documents by Bates number or other identification as

anticipated Fed.R.Civ.P. 33(d).  Plaintiff is also instructed to indicate, as requested

by Defendants, (1) who created the information as well as how was it developed

and modified over time; (2) who has current or prior access to this information;

and (3) the basis for its contention that any professional in this field could not

create the workbooks or MIT reports based on their own skill and knowledge.

Plaintiff is instructed to do so within thirty (30) days of the date of this Order.

### B.   Interrogatories 3 through 7.

Defendants contend that these interrogatories relate to the "basic elements of

a trade secret claim" and are therefore reasonable and "properly tailored to the

parties' allegations" in this case.  (Doc. 67, at 7, 8.)  Interrogatories 3 through 7 ask Plaintiff to: a) identify whether each trade secret is subject to any confidentiality provisions or provisions affecting the ownership of that information (Interrogatory No. 3); b) explain whether each trade secret has been available publicly (Interrogatory No. 4); c) specifically identify the conduct of each Defendant allegedly constituting  misappropriation of the information at issue (Interrogatory No. 5); d) describe the factual and legal bases for the alleged harm directly or indirectly caused by the purported misappropriation (Interrogatory No. 6); and e) a statement as to whether each purported trade secret is accessible to or otherwise in the possession of persons outside of Plaintiff (Interrogatory No. 7).  (Doc. 83-3, at 7-10.)

Plaintiff cuts and pastes the same objections to all five of these interrogatories (which are largely regurgitations of its objections to Interrogatory No. 1, *supra*), contending that they are cumulative, unduly burdensome and premature.  (*Id*.)  The Court notes that, based on Plaintiff's response and Defendants' reply, issues relating to Interrogatories 3, 4, and 5 have been resolved. (*see generally* Doc. 99; *see also* Doc. 83, at 12-13.)

Interrogatory No. 6 requests a description of the factual and legal bases for the alleged harm caused by the misappropriation.  (Doc. 83-3, at 9.)  Defendants contend that this discovery request is "properly tailored to uncover information

related to this most basic element of a trade secret claim" – damages.  (Doc. 67, at

8.)  Plaintiff indicated

> it would supplement this disclosure and provide a more
> detailed computation of damages once Defendants
> produce additional discovery.  [Plaintiff] can only
> provide a detailed calculation of its damages upon receipt
> of the full set of documents and information that
> Defendants misappropriated, and upon receiving
> additional discovery reflecting how such information was
> used by the Defendants … .

(Doc. 83, at 13.)  As stated above, Plaintiff has a duty to provide all responsive

information available when answering a discovery request.  ***High Point SARL***,

2011 WL 197875, at *2-3.  Plaintiff cannot avoid this obligation to fully answer

simply by arguing a discovery request is premature and stating in a conclusory

manner that information it needs to respond properly has not be provided by

Defendants.  *Id*.  Plaintiff has "a continuing duty to supplement their interrogatory

answers as information becomes available."  ***Riley***, 2012 WL 1231830, at *6.  This

objection is **overruled**.  Plaintiff is ordered to respond to Interrogatory No. 6 with

all relevant, non-discoverable information in its possession within thirty (30) days

of the date of this Order.

Next, Interrogatory No. 7 asks whether each purported trade secret is

accessible to or possessed by persons outside of Plaintiff.  (Doc. 83-3, at 10.)

According to Defendants, if the information at issue has been "distributed widely

among [Plaintiff's] customers, vendors, and government regulators … those

distributed items are not trade secrets, or even confidential." (Doc. 67, at 8.)
Defendants therefore inquire as to whom Plaintiff has distributed the allegedly
misappropriated trade secrets and confidential information. (*Id*.)

Plaintiff did not object to the Interrogatory, but rather refers Defendants to
its responses to Interrogatories Nos. 1, 3, and 4. (Doc. 83-3, at 10.) Defendants
argue that Plaintiff's response does not sufficiently supply the requested
information. (Doc. 98, at 8.) Defendants continue that Plaintiff "should be
compelled to fully identify who has received each document it contends is a trade
secret by document, as there is no dispute this information is discoverable." (*Id*.)
The Court agrees. Plaintiff is ordered to provide complete, responsive information
within thirty (30) days of the date of this Order.

### C.     Interrogatory No. 9.

This interrogatory asks Plaintiff to "[i]dentify … separately by Defendant,
any document Plaintiff contends each Defendant copied." Defendants then seek
additional information regarding such documents, including, but not limited to,
when the copying occurred, all persons with access to the document, how such
document(s) provided economic value to Plaintiff, and a quantification of damage
sustained as a result of such copying. (Doc. 83-3, at 12-13.) Plaintiff again objects
that the interrogatory is cumulative, unduly burdensome, and premature. (*Id*.)
These objections are **overruled** for the reasons set forth above.

Plaintiff objects that the Interrogatory improperly contains multiple subparts. (Doc. 83, at 14.)  The Court **overrules** this objection as the information sought by the subparts is united under a common theme.  *See Sifuentes, Inc.*, 2011 WL 13301689, at *5.  The Court also **overrules** Plaintiff's duplicative objection.  This interrogatory specifically asks about trade secrets and confidential information that Plaintiff contends Defendants copied.

Plaintiff continues that "without additional discovery – including computer forensics on Defendants' computers and electronic storage devices – [Plaintiff] cannot be certain which documents were misappropriated by copying as opposed to any other method."  (Doc. 83, at 15.)  As stated above, this objection is **overruled** because Plaintiff has both a duty provide all responsive information available when answering a discovery request as well as a continuing duty to supplement their interrogatory answers as information becomes available. *High Point SARL*, 2011 WL 197875, at *2-3; *Riley*, No. 11-2244-EFM-DJW, 2012 WL 1231830, at *6.

Further, according to Defendants, Plaintiff has not indicated which documents were purportedly copied, has not identified who had access to said document(s), and has not identified specific damages at this point.  (Doc. 99, at 9.) Plaintiff is ordered to supplement its response accordingly within thirty (30) days of the date of this Order.

As to the issues of "economic value to Plaintiff" and quantification of damage sustained, Plaintiff initially objected that this calls for an expert opinion. (Doc. 67-3, at 12.)  It appears this objection was abandoned in Plaintiff's supplemental discovery responses.  (*See* Doc. 83-3, at 12-13.)

To the extent this objection was not abandoned, it is **overruled**.  Pursuant to Fed.R.Civ.P. 33(a)(2), "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."  There is "no valid reason to delay answering these discovery requests because of the potential for expert witness opinion."  *Lemaster v. Collins Bus Corp.*, No. 11–CV–2128 JTM/KGG, 2012 WL 5199738, at *2 (D. Kan. Oct. 22, 2012).

> Further, '[b]ecause of the simplicity of notice pleading, Plaintiff should provide as much information as possible regarding his claims without delay and as early as required.' …  Plaintiff is capable of providing a factual response based on the information currently known to him.

 (*Id*. (quoting *Johnson v. Kraft Foods North America, Inc*., 236 F.R.D. 535, 544 (D. Kan. 2006).)

Defendants argue that "Plaintiff cannot baldly claim it suffered damages as a result of the alleged copying of documents and then claim to be baffled by a

request that it disclose facts suggesting that any documents have independent economic value, or that [Plaintiff] suffered damages." (Doc. 67, at 10.) The Court agrees. Defendants' motion is **GRANTED** as to Interrogatory No. 9.

> **D.** **Conditional Objections to Document Requests (Second RFPs Nos. 1, 3-5, 36, 37, 39, 41, 43, 45-48, 56, 58, 60, 63-66, 68, and 70; Third RFPs Nos. 4, and 7-10).**

Defendants indicate that "[t]he Court need not address each of [Plaintiff's] many RFP objections" because Plaintiff "waived them in multiple ways," most notably the "subject to and without waiving" objections. (Doc. 67, at 10.) According to Defendants, it is "well settled" in this District that responding in this manner waives objections. (*Id*., at 10-11 (citing ***Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC***, Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 1569963, at *2 (D. Kan. Apr. 18, 2014).) Defendants note that Plaintiff has responded this way as to Requests Nos. 1-5, 30, 32-43, 45-48, 56-58, 60, 63-66, 68, and 70 of their Second Requests for Production and Nos. 1-11 of their Third Requests for Production.[1] (*See* Docs. 67-5, 67-6.)

---

[1] For instance, Request No. 1 asks for documents referred to in responding to Defendant's second interrogatories. Plaintiff objected that the request was premature, disproportional, overbroad, unduly burdensome, and seeks information protected by the attorney client privilege. That stated, Plaintiff continued, "[s]ubject to and without waiving the foregoing, [Plaintiff] will produce non-privileged responsive documents in its possession, custody, or control." (Doc. 67-5, at 4.) Similar objections and conditional responses were made in response to the other document requests identified by Defendants. (*See* Doc. 67-5, at 67-6.)

The undersigned Magistrate Judge has specifically expressed his disdain for such conditional objections.  *See **D.M. by and through Morgan v. Wesley Medical Center LLC***, No. 18-2158-KHV-KGG, 2019 WL 2067363, at \*1-2 (D.Kan. May 9, 2010) (discussing in the context of responses to requests for admission); ***Murray v. ManorCare of Topeka KS, LLC***, No. 19-2148-DDC-KGG, 2020 WL 1819884, at \*10-11 (D.Kan. April 10, 2020).  In ***Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC***, Magistrate Judge O'Hara held that

> [i]t has become common practice among many practitioners to respond to discovery requests by asserting objections and then answering 'subject to' or 'without waiving' their objections.  This practice, however, is manifestly confusing (at best) and misleading (at worse) and has no basis at all in the Federal Rules of Civil Procedure.  The court joins a growing number of federal district courts in concluding that such conditional answers are invalid and unsustainable.

Nos. 11–2684–JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544, at \*2 (D.Kan. Feb. 11, 2014).  Similarly, Magistrate Judge Waxse held when a party responds that it is producing documents "subject to and without waiving its objections," the requesting party "is left guessing as to whether [the producing party] has produced all documents, or only produced some documents and withheld others on the basis of privilege."  ***Pro Fit Management, Inc. v. Lady of America Franchise Corp.***,  No. 08-2662, 2011 WL 939226, at \*7-9 (D.Kan. Feb. 25, 2011).  Such responses make it "unclear whether [the producing party] has

fully complied with this interrogatory". ***Strasburg-Jarvis, Inc. v. Radiant Sys., Inc.***, No. 06–2552, 2009 WL 129361, at *5–6 (D.Kan. Jan. 20, 2009).

Plaintiff relies on the case of ***Martley v. City of Basehor, Kanas***, for the proposition that conditional objections are valid when the responding party "also specifie[s] which portions of the requests and their answers were responsive."  No. 19-2138-DDC-GEB, 2021 WL 1210013, at *16 (D. Kan. March 31, 2021); Doc. 83, at 16.  This undersigned notes, however, that the ***Martley*** decision specifically indicated that it was limited to the particular circumstances present in that case.  *Id*. Plaintiff has drawn no factual parallels between the scenarios presented in ***Martley*** and the matter at bar.  The ***Martley*** ruling also put the responding party specifically "on notice that future conditional objections will not be tolerated, and they should address this in the future."  *Id*.

Further, as Defendant points out, Plaintiff's brief thoroughly glosses over Plaintiff's initial discovery responses and instead focuses on is supplemental, amended discovery responses – which were not served until after the present motion to compel had been filed.  (*See* Doc. 83, at 17; *see also* Docs. 69, 71, 76.) It is well-established that when ruling on a motion to compel, "[o]bjections not initially raised in response to a discovery request are generally deemed waived absent a showing of good cause." ***White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.***, 586 F. Supp. 2d 1250, 1256 (D. Kan. 2008).  Because

these supplemental responses and objections were not served until *after* the motion to compel was filed, they are akin to objections not included in an initial discovery response but rather raised for the first time in response to a motion to compel.  This Court has consistently held that such objections are deemed waived.  ***Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.***, 2015 WL 143915, at *2 (D. Kan. Jan. 12, 2015) (citing ***McFadden v. Corrections Corp. of America***, 09-2273-EMFKGG, 2012 WL 555069, *5 (D. Kan. Feb.21, 2012) and ***Seed Research Equip. Solutions, LLC v. Gary W. Clem, Inc.***, No. 09-1282-EFM-KGG, 2011 WL 1743232, at *1 (D.Kan. May 6, 2011) (internal citations omitted)).

The Court thus **GRANTS** this portion of Defendants' motion and finds that these objections by Plaintiff have been **waived**.  Plaintiff is directed to produce all documents responsive to Second RFPs Nos. 1, 3-5, 36, 37, 39, 41, 43, 45-48, 56, 58, 60, 63-66, 68, and 70 as well as Third RFPs Nos. 4, and 7-10.  Plaintiff shall have thirty (30) days from the date of this Order to do so.

### E.    Plaintiff's MSAs (Request No. 45).

Request No. 45 asks for "all Master Service Agreements Plaintiff has entered into or in effect between January 1, 2018, and the present with any Person operating in Kansas, including" but not limited to an enumerated list of entities. (Doc. 67-5, at 21-22; 83-8, at 15-16.)  Plaintiff objected that the request was overly broad and not reasonably calculated to lead to the discovery of admissible

evidence.  (Doc. 67-5, at 22; 83-8, at 16)  Plaintiff then continued that because it "does not, at this time, contend that Defendants improperly deleted or misappropriated any [of Plaintiff's] confidential information or trade secrets pertaining to the above-identified entities with operations in Kansas, [it] is withholding any Master Services Agreements between it and these entities."  (Doc. 67-5, at 22-23; *see also* Doc. 83-8, at 16.)  Plaintiff continued to "reserve[s] the right to produce any of its agreements with these entities if [it] determines that Defendants improperly misappropriated or deleted any of its confidential information and/or trade secrets pertaining to or related to any of these entities." (*Id.*)

As an initial matter, the Court instructs Plaintiff that the Federal Rules of Civil Procedure abandoned the "not reasonably calculated standard" in exchange for the "proportional to the needs of the case" standard six years ago with the 2015 amendments to Rule 26(b).  *Mayhew v. AngMar Medical Holdings, Inc*., No. 18-2365-JWL-KGG, 2019 WL 5535243, at n.1, n.2 (D. Kan. Oct. 25, 2019) (citing Fed.R.Civ.P. 26(b)).  *See also Frick v. Henry Industries, Inc.*, 13-2490-JTM-GEB, 2016 WL 6966971, at *5 (D. Kan. Nov. 29, 2016).

Defendants argue that they should be allowed to discover the listed agreements regardless of whether Plaintiff "contends Defendants did something specifically in connection with these particular third parties, and regardless of

when those agreements were signed." (Doc. 67, at 14.) Defendants continue that they "believe the MSAs will show that documents [Plaintiff] has been calling its 'trade secrets' are in fact owned by (and paid for) third parties, consistent with industry custom," making the MSAs "central to the viability of [Plaintiff's] trade secrets theory." (*Id*.)

Plaintiff responds that "Defendants provide no explanation regarding why MSAs between [Plaintiff] and third parties which do not relate to [Plaintiff's] claims are facially relevant." (Doc. 83, at 19.) Defendant replies that while Plaintiff may not intend to rely on these documents to support its claims, Defendants do intend to rely on them as they "contend it is industry custom, and well known to [Plaintiff], that what [Plaintiff] produces for its clients is owned by the client and not a trade secret of [Plaintiff]." (Doc. 99, at 11.) In other words, according to Defendant, "[t]he very kinds of documents [Plaintiff] is calling trade secrets are the same documents it signs away all rights to in its MSAs with its clients." (*Id*.)

The Court thus finds that Defendants have established that the documents are facially relevant and Plaintiff has not met its burden to establish that the request is objectionable. *Swackhammer*, 225 F.R.D. at 661, 662, 666; *Carter*, 2021 WL 1250958, at *2. This portion of Defendants' motion is **GRANTED**. Plaintiff shall

have thirty (30) days from the date of this Order to produce documents responsive to Request No. 45.

**F.     Third-Party Discussions (Requests Nos. 50-56 and 59).**

Defendant contends that while Plaintiff asserts its clients are aware of the proprietary and confidential nature of the information it produces for them, in reality, this information is "actually widely shared within the industry by and among Plaintiff's clients … [and] competitors … ."  (Doc. 67, at 15.)  Defendant also contends that this information is often publicly available through the Kansas Department of Health and Environment ("KDHE").  (*Id*.)  Defendants continue that after their resignations, Plaintiff made statements to third parties about distributing "Lonquist Information" to Defendants, which "should contain admissions about [Plaintiff's] knowledge of this fact at the time and, by natural extension, knowledge of the actual limited scope of its trade secret and confidentiality rights at issue in this litigation."  (*Id*.)

Within this context, Defendants served Requests Nos. 50-56 and 59 of their second RFPs, which sought:  a) communications Plaintiff had concerning Mitchell Sorby, Taylor Buck, Bennie O'Neal, or Michael Britton on or after January 11, 2021 (Request Nos. 50-53); b) communications Plaintiff had "with any client, customer, contractor, vendor, regulatory agency (including but not limited to the KDHE)" or other individual concerning any Defendant or Tiberius Energy on or

after January 8, 2021 (Request Nos. 54, 55); c) communications Plaintiff had "with any client, customer, contractor, vendor, regulatory agency (including but not limited to the KDHE)" or other individual concerning "the use and/or disclosure of any Plaintiff information on or after January 8, 2021" (Request No. 56); and d) "[a]ll communications with any Person about Tiberius Energy Services, LLC or Defendants" (Request No. 59).  (Doc. 67-5, at 25-31.)  Defendant argues that these requests are "targeted to determine not only what admissions [Plaintiff] made in the course of those communications, but also the extent to which [Plaintiff] knew, despite its allegations to the contrary, that third parties were routinely disclosing the so-called 'trade secrets,' all without objection by [Plaintiff]."  (Doc. 67, at 15.)

In its initial discovery responses, Plaintiff generally objects that the requests are irrelevant, not reasonably calculated to lead to the discovery of admissible evidence,[2] disproportional, overbroad, unduly burdensome, vague, and ambiguous. (Doc. 67-3, at 25-31.)  In its brief in opposition, however, Plaintiff focuses on the argument that the requests "far exceed the scope of discoverable information in this case."  (Doc. 83, at 20.)  Plaintiff contends that the requests are improper because they seek "seek (1) all communications with third parties concerning Defendants or Tiberius, regardless of the content thereof; and (2) all

---

[2]  The Court again reminds plaintiff that the "not reasonably calculated standard" is no longer the relevant analysis.  *Mayhew*, No. 18-2365-JWL-KGG, 2019 WL 5535243, at n.1, n.2.

communications with third parties concerning the use of any [of Plaintiff's]
information, <u>regardless of whether such information encompasses the confidential</u>
<u>and trade secret information identified by [Plaintiff] in this case or who is being</u>
<u>discussed as using the information</u> … ."  (*Id.*, at 21 (emphasis added).)  Plaintiff
continues that the requests, as worded, "extend far beyond the information they
claim is relevant to their defenses in this case."  (*Id.*)  Defendant replies that "what
[Plaintiff] said to third parties about each of these subjects is central to discovering
information to undermine [Plaintiff's] trade-secret assertions."  (Doc. 99, at 12.)

As the party resisting discovery, Plaintiff has the burden "to show facts
justifying their objection … ."  ***Horizon Holdings, LLC v. Genmar Holdings, Inc.***,
209 F.R.D. 208, 213 (D.Kan. 2002).  Further, Fed.R.Civ.P. 26(b)(1) provides that
parties may "obtain discovery regarding any non-privileged matter that is relevant
to any party's claim or defense and proportional to the needs of the case."  It is
well-established that relevance is to be broadly construed during the discovery
stage.  ***Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.***, No. 16-mc-
212-JWL, 2016 WL 3685224, at *4 (D. Kan. July 12, 2016).  "[A]ny matter that
bears on, or that reasonably could lead to other matter that could bear on, any issue
that is or may be in the case" is deemed relevant.  ***Rowan v. Sunflower Elec.***
***Power Corp.***, No. 15-9227-JWL, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016)
(quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978)).

Defendants argue that Plaintiff's communications about them are "directly relevant to [Plaintiff's] knowledge about the proprietary nature (or lack thereof) of its work product for clients," which "will refute Plaintiff's allegations of confidentiality." (Doc. 67, at 17.) Given that these requests are temporally limited to *after* Defendants terminated their employment with Plaintiff and/or relate to their new employer, the topics of these requests are facially relevant. Plaintiff has failed to establish otherwise.

Any assertions of proportionality are also unpersuasive. The Court considers the following factors when analyzing the proportionality of a discovery request: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Lawson v. Spirit AeroSystems, Inc.*, 2020 WL 3288058, at *10 (D. Kan. June 18, 2020). The Court finds that each of these factors weighs in favor of producing the requested information.

Plaintiff also objects "to the extent that this Request is broad enough to encompass materials protected by the attorney-client privilege or work product protection." (Doc. 67, at 25-31; Doc. 83-8, at 19-22, 25.) This objection is clearly an improper conditional objection and is thus **overruled**. Further, Plaintiff has not

explained how any such conversations between it and a client, customer, or other third party would potentially be privileged.  Any information withheld on the basis of privilege or the work product doctrine would have needed to have been clearly enumerated in a compliant privilege log.  This portion of Defendants' motion is GRANTED.  Plaintiff shall have thirty (30) days from the date of this Order to produce documents responsive to Requests Nos. 50-56 and 59.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel (Doc. 66) is **GRANTED**.

IT IS SO ORDERED.

Dated this 26th day of October, 2021, at Wichita, Kansas.

s/ Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE